

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 7, 1957

Hon. Edd B. Keys
County Attorney
Tom Green County
San Angelo, Texas

Opinion No. WW- 48

Re:  Does Section 96 of the new Probate
Code supersede and repeal Article
6629, Revised Civil Statutes, which
prohibited recordation of any in-
strument after August 22, 1897, and
not in English language and related
question.

Dear Mr. Keys:

Your letter requesting our opinion relative to the captioned
matter is as follows:

"The question is, does Section 96 of the new Probate
Code which permits the recordance of the copy of a foreign
will and its probate in the deed records of any county where
real estate, of which disposition is made by the will, is
located, but that no provision was made for the translation
for the same?  Does the said Section 96 supersede and repeal
Article 6629 R.C.S. which prohibited recordation of any in-
strument executed after August 22, 1897, and not in English
language?

"Further the question is, if Section 96 does supersede
Article 6629, is it necessary to have an accompanying trans-
lation?  If so, by what means would the translation be made
and what requirement for its authenticity?"

Article 6629, Vernon's Civil Statutes reads as follows:

"No deed, conveyance or other instrument, whether re-
lating to real or personal property, if in any other than the
English language, shall be admitted to record; provided, that
all such instruments executed prior to the twenty-second day
of August, 1897, may be filed and recorded if accompanied by
a correct translation thereof, the accuracy of which is sworn
to before some officer authorized to administer oaths.  Such
translations shall be recorded with the original, and if cor-
rect shall operate as constructive notice from and after the
date of its filing, if the original be authenticated in the
manner required by law."

Section 96 of the Texas Probate Code which became effective on January 1, 1956, provides:

"When any will or testamentary instrument conveying or in any manner disposing of land in this State has been duly probated according to the laws of any of the United States, or territories thereof, or the District of Columbia, or of any country out of the limits of the United States, a copy thereof and of its probate which bears the attestation, seal and certificate required by the preceding Section, may be filed and recorded in the deed records in any county of this State in which said real estate is situated, in the same manner as deeds and conveyances are required to be recorded under the laws of this State, and without further proof or authentication; provided that the validity of such a will or testamentary instrument filed under this Section may be contested in the manner and to the extent hereinafter provided."

Article 6629, V.C.S., is a general statute which applies to the filing and recording of deeds, conveyances or other instruments relating to either real or personal property. Section 96 of the Probate Code is a special statute which only applies to the filing and recording of wills or other testamentary instruments.

It is a general rule of statutory construction that the enactment of a special law will not repeal or supersede a prior act of general character and application. But an act containing specific provisions prevails over a prior act which deals with the subject generally. Accordingly, both acts will stand and a specific act is treated as an exception to, or qualification of, a general law previously enacted. Hunt v. Atkinson, 12 S.W.2d 142 (Com. App.)

You are therefore advised that it is our opinion that Section 96 of the Probate Code does not repeal or supersede Article 6629, V.C.S., which prohibits the recording of instruments which are not in the English language. Both Section 96 of the Probate Code and Article 6629. V.C.S., will stand, and Section 96 of the Probate Code should be treated as an exception to, or qualification of, Article 6629, V.C.S.

## SUMMARY

Section 96 of the Probate Code does not repeal or supersede Article 6629, V.C.S. which prohibits the recording of instruments which are not in the English language. Both Section 96 of the Probate Code and Article 6629, V.C.S.,

will stand, and Section 96 of the Probate Code should be treated as an exception to, or qualification of, Article 6629, V.C.S.   Hunt v. Atkinson, 12 S.W.2d 142 (Com. App.)

Yours very truly,

WILL WILSON
Attorney General of Texas

By   *W. V. Geppert*
W. V. Geppert
Assistant

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman

WVG:gs